UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS ARTHUR VIGIL,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>A. KANWAL BRAR, *et at.*,<br><br>　　　　　　　　Defendant. | Case No. 3:25-cv-00044-MMD-CLB<br><br>ORDER |

　　　　Pro se Plaintiff Thomas Arthur Vigil attempts to sue Defendants A. Kanwal Brar and V. Cedomio for a state law claim of "illegal conviction," but his complaint (ECF No. 1-2 ("Complaint")) does not provide a clear factual or legal basis for his claims. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 3), recommending this case be dismissed with prejudice because the Complaint's incomprehensible nature makes it impossible for the Court to identity the factual or legal basis for his claims or the nature of his requested relief. To date, no objections to the R&R have been filed. Because there is no objection, and as further explained below, the Court will adopt the R&R.

　　　　Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). As mentioned, Judge Baldwin reviewed Plaintiff's Complaint, and properly determined that the Complaint does not allow the Court to identify the factual or legal basis for Plaintiff's claims because the Complaint is rambling and impossible to decipher. (ECF No. 3 at 3-4.) *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring that a complaint include "a short and plain statement of

the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); FED. R. CIV. P. 8(a)(3) (requiring that a complaint include a demand for relief sought). The Court also lacks subject matter jurisdiction as Plaintiff's sole claim falls under state law. *See, e.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).[1] Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Plaintiff's applications to proceed *in forma pauperis* (ECF No. 1, 1-1) be granted.

It is further ordered that the Clerk of Court file the Complaint (ECF No. 1-2).

It is further ordered that Plaintiff's Complaint (ECF No. 1-2) be dismissed with prejudice.

It is further ordered that Plaintiff's motion for hearing (ECF No. 4) be denied as moot.

The Clerk of Court is directed to close this case.

DATED THIS 10th Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] A federal court has subject matter jurisdiction if the case has diversity of citizenship between the parties or a claim arising from federal law. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).